IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DOUG AND KATIE BROWN, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 24-CV-771-D |
| ) | |
| ROCK RIDGE INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

### ORDER

Before the Court is Plaintiffs' Motion to Remand [Doc. No. 7].

The case arises out of a dispute between Plaintiffs Doug and Katie Brown and Defendant Rock Ridge Insurance Company, a foreign insurer. Plaintiffs allege that Defendant acted intentionally and maliciously in failing to perform a contract for homeowners insurance following a lightning strike that damaged Plaintiffs' chimney.

### BACKGROUND

On May 17, 2024, Plaintiffs filed their petition in the District Court of Oklahoma County [Doc. No. 1-1]. Pursuant to Okla. Stat. tit. 36, § 621(B) governing service of process on a foreign insurer, plaintiffs later mailed summons and a copy of the petition to the Oklahoma Insurance Department ("OID") [Doc. No. 1-2, p. 1].

OID prepared a cover letter to Defendant at an address in Guaynabo, Puerto Rico [Doc. No. 7-1, p. 2], but instead of forwarding the cover letter, summons, and petition to the Puerto Rico address, OID forwarded the material to an address in Dallas, Texas [Doc. No. 7-1, p. 8]. In its brief, Defendant states that it had previously maintained an office at

1

the Texas address. *See* Res. at 2. Delivery to the Texas address was attempted and failed. *See* Doc. No. 7-1, p. 8.

To avoid an unnecessary default, Plaintiffs' counsel later reached out to OID and was informed that OID had two addresses on file for Defendant, one in Texas and the other in Puerto Rico. *See* Doc. No. 7-2, p. 1.[1] Plaintiffs' counsel requested OID make a second attempt at forwarding process by mailing the summons and petition to both addresses. *Id.*

On July 9, 2024, OID forwarded the summons and petition to Defendant at its Puerto Rico address. *See* Doc. No. 7-3, pp. 1, 2. On July 29, 2024, Defendant removed the case to this Court [Doc. No. 7-1].

In their Motion to Remand, Plaintiffs argue Defendant's Notice of Removal is untimely because the 30-day removal deadline should begin to run from either the day OID received service—May 23, 2024—or the day OID forwarded service to the Texas address—June 6, 2024. For the reasons that follow, the Court disagrees.

## STANDARD OF DECISION

28 U.S.C. § 1446(b)(1) requires that any notice of removal be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." State law, in turn, governs service. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526

---

[1] The parties' briefs contest this fact. Defendant argues Plaintiffs' counsel's sworn affidavit, in which Plaintiff's counsel recounts OID's communications, is hearsay. The Court, however, is not relying on the affidavit but is instead making a reasonable inference about OID's communication based on the course of events and an email attached to the Motion to Remand [Doc. No. 7-3, p. 1] in which an OID Legal Assistant stated OID had two addresses on file for Defendant.

U.S. 344, 351 (1999).

In Oklahoma, Okla. Stat. tit. 36, § 621(B) requires plaintiffs suing foreign insurers to serve process "upon the Insurance Commissioner [or OID]." OID must then "promptly forward a copy thereof by mail with return receipt requested to the person last so designated by the insurer to receive the same." Okla. Stat. tit. 36, § 622(A). Service is considered complete when OID forwards process. *See* 36 Okla. Stat. tit. 36, § 622(B).

Removal statutes are strictly construed, and all doubts are to be resolved against removal. *Fajen v. Found. Reserve Inc. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)).

## DISCUSSION

Plaintiffs argue the removal period under 28 U.S.C. § 1446(b) begins on the day service is complete under Oklahoma law. According to Plaintiffs, because Okla. Stat. tit. 36, § 622(B) institutes a mailbox rule for service on foreign insurers, and because the record does not provide proof regarding who is to blame for OID forwarding service to the Texas address, all doubts should be resolved against removal and the deadline should begin to run, at the latest, on the date OID forwarded service to the Dallas address.

Plaintiffs' interpretation of § 1446(b) is imprecise. As the Supreme Court explained in *Murphy Bros.*, 526 U.S. at 351, § 1446(b) was designed to "ensure that the defendant would have access to the complaint before commencement of the removal period." *Id.* Although *Murphy Bros.* addressed timeliness in the context of state statutes allowing for differing dates between when a defendant receives the complaint and the completion of formal service of the summons, the underlying justification applies equally here.

3

Relying partially on *Murphy Bros.*, Judge Eagan in *Denny v. Illinois Nat. Ins. Co.*, No. 10-CV-0676-CVE-TLW, 2010 WL 5141656 (N.D. Okla. Dec. 13, 2010) analyzed the interplay between § 1446 and Oklahoma law. Judge Eagan noted that "[f]ew states have a statutory agent mailbox rule similar to [Okla. Stat. tit. 36, § 622]." *Id.* at *4. Although the case law from those states was somewhat conflicted, "[t]he weight of the case law suggests that it is actual receipt by the defendant that controls for purposes of § 1446(b)." *Id.* at *5 (citing *Freedom Steel, Inc. v. Senn Freight Lines, Inc.*, No. 1:09-CV-2750, 2010 WL 395228, at * 4 (N.D. Ohio, Jan. 26, 2010); *Tucci v. Hartford Fin. Servs. Group, Inc.*, 600 F. Supp. 2d 630, 635 (D.N.J. Feb. 25, 2009)). Moreover, any contrary decision would "subject defendants to varying periods of removal based on the length of time it [takes] for documents to travel from [OID] to the party being served." *Id.* at *5. Section 1446 was meant to counteract such variations by imposing a policy whereby "federal goals of notice and consistency are not sacrificed to state rules of procedure." *Id*.

*Rocky Branch Marina, L.L.C. v. Northern Assur. Co. of America*, No. 09-CV-15-GKF-TLW, 2009 WL 997016 (N.D. Okla. Apr. 14, 2009) applies the same rationale. There, Judge Frizzell stated "[t]he general rule is that the thirty day clock for seeking removal does not begin to run when a statutory agent…is served." *Id.* at *1. Judge Frizzell went on to quote the prevailing secondary literature on the topic at the time:

> Realistically speaking, of course, these kinds of statutory agents are not true agents but are merely a medium for transmitting the relevant papers. Accordingly, it now appears to be settled law that the time for seeking removal begins to run only when the defendant or someone who is serving as the defendant's agent in fact receives the process.

*Id.* (quoting 14C Charles Alan Wright, Arthur R. Miller, & Edward H Cooper, *Federal*

4

*Practice and Procedure: Jurisdiction* § 3732 (3d ed. 1998).

The Court agrees with Judges Eagan and Frizzell. Because it is the defendant's burden to prove that removal is proper, "it should be a simple matter for the defendant to show when he actually received the pleading." *Denny*, No. 10-CV-0676-CVE-TLW, 2010 WL 5141656. at *5 (quoting *Tucci*, 600 F. Supp 2d at 635).

Plaintiffs rely on this Court's decision in *Shiel v. Pac. Specialty Ins. Co.*, No. CIV-17-1125-D, 2018 WL 830149. There, this Court addressed whether the removal period began to run when OID received summons or when OID forwarded the summons. *Id.* at *2. The Court, addressing only the issue presented in that order, stated that the "date upon which service is complete for calculations of deadlines is the date the Insurance Commissioner forwards the summons and petition 'with return receipt requested.'" *Id.* (quoting Okla. Stat. tit. 36, § 622(B)).

The Court was careful, however, to define the boundaries of the issue upon which the Court ruled. In a footnote, the Court explained that because, in that case, "removal was timely when calculated from the date of [OID's] certified mailing" it was unnecessary to consider arguments addressing whether service should be considered complete upon the defendant's actual receipt of process. *Id.* at *1 n.2 (citing *Rocky Branch Marina, L.L.C.*, No. 09-CV-15-GKF-TLW, 2009 WL 997016; *Denny*, No. 10-CV-0676-CVE-TLW, 2010 WL 5141656).

More importantly, *Shiel* was premised upon fundamental notions of due process. Quoting *Murphy Bros.*, the Court wrote, "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named

5

defendant." *Id.* at *1 (quoting *Murphy Bros.*, 526 U.S. at 350). Interpreting § 1446 as Plaintiffs ask would not only reverse this fundamental principal, it would result in some defendants forfeiting their right to removal if a delay in the mail lasts longer than 30 days. That cannot be what congress intended.

Here, Defendant did not receive Plaintiffs' petition until after July 9, 2024. It filed its Notice of Removal [Doc. No. 1] on July 29, 2024, well within the 30-day deadline.[2]

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand [Doc. No. 7] is **DENIED**.

**IT IS SO ORDERED** this 15th day of October, 2024.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[2] To the extent that Plaintiffs' brief argues it was Defendant's responsibility to ensure that OID forward service to Defendant's Puerto Rico address, the Court is unconvinced. Okla. Stat. tit. 36, § 621(C) sets out Defendant's obligation to OID. It must "file with the Insurance Commissioner designation of the name and address of the person to whom process against it served upon the Insurance Commissioner is to be forwarded." *Id.* The statute also states, "The insurer may change such designation by a new filing." *Id.*

The record demonstrates OID was always in possession of both of Defendants' addresses and even made out its initial cover letter to Defendant's Puerto Rico location. *See* Doc. No. 7-1, p. 2. But even if Plaintiffs are correct that Defendant somehow failed to comply with Oklahoma law, which the Court does not presume that they are, the Court does not need to address that issue at this time. The narrow issue here is one of timeliness for removal following actual receipt of formal service of process, not a failure to comply with § 621(C).